ANDREW P. BARTON, JR. AND ANN BARTON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3438-91.        Filed November 18, 1991.

*Thomas C. Rink,* for the petitioners.
*John J. Boyle,* for the respondent.

OPINION

RUWE, *Judge:* This matter is before the Court on petitioners' motion to reconsider the granting of respondent's

motion to dismiss and to strike. The issue for decision is whether this Court has jurisdiction to determine the propriety of respondent's assessment of increased interest under section 6621(c) when a taxpayer alleges that there has been an overpayment as a result of paying such increased interest. Unless otherwise indicated, all section references are to the Internal Revenue Code for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners were limited partners in the Barrister Equipment partnership. Adjustments to partnership items in the Barrister Equipment partnership were the subject of proceedings at the partnership level pursuant to section 6221, et seq. and were resolved by settlement. As a result, respondent assessed tax and interest attributable to the partnership items.

On November 29, 1990, respondent issued a notice of deficiency to petitioners with respect to the taxable years 1980, 1983, 1984, and 1985. The only determinations made in the notice of deficiency related to additions to tax under sections 6653, 6659, and 6661 attributable to the partnership level determinations regarding the Barrister Equipment partnership.

On February 25, 1991, petitioners filed a petition in which they claimed that they were not liable for any of the additions to tax. In addition, they alleged that they had made an overpayment of tax for each of the years in issue. They allege that the overpayment consists of their payment of increased interest which was assessed pursuant to section 6621(c).[1]

Section 6621(c) provides for interest at 120 percent of the normal rate. Section 6621(c) interest is imposed on a substantial underpayment of tax which is attributable to a tax-motivated transaction. Petitioners allege that the assessment of section 6621(c) increased interest was improper

---

[1] Petitioners make no claim regarding any other portions of tax assessed as a result of the partnership level adjustments which were settled in the partnership proceeding. The applicability of sec. 6621(c) was not, and could not have been, settled in the partnership proceedings. See *White v. Commissioner*, 95 T.C. 209, 212 (1990).

because the underpayment of tax on which the increased interest was assessed was not attributable to a tax-motivated transaction.

On April 29, 1991, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the claimed overpayment of section 6621(c) interest. Respondent's motion was based on our opinion in *White v. Commissioner,* 95 T.C. 209 (1990), wherein we held that the increased interest provided for in section 6621(c) was not part of a "deficiency" within the meaning of section 6211 for purposes of our jurisdiction over deficiencies. We further held that the specific provision contained in section 6621(c)(4), which gives this Court jurisdiction to determine the portion of a "deficiency" to which section 6621(c) applies, did not apply in *White* because the underpayments of tax upon which the increased interest were based, were not deficiencies over which the Court had jurisdiction. In *White,* the tax to which section 6621(c) was applied was assessed as a computational adjustment resulting from adjustments made at the partnership level. *White v. Commissioner, supra* at 210. The same is true in the instant case. Respondent's motion was granted on May 1, 1991.

On May 13, 1991, petitioners filed a motion to reconsider the granting of respondent's motion to dismiss. In their motion, they distinguish their situation from that in *White,* because *White* did not involve a claimed "overpayment." Petitioners contend that they paid the increased interest under section 6621(c), and that the Court has jurisdiction to determine a taxpayer's claim that there has been an overpayment of tax with respect to a year that is otherwise properly within the Court's jurisdiction. Petitioners argue that the amount of interest, including increased interest under section 6621(c), is part of the tax for purposes of deciding whether there is an overpayment.

### Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner,* 88 T.C. 1175, 1180-1181 (1987); *Naftel v. Commissioner,* 85 T.C. 527, 529 (1985).

Respondent argues that the Tax Court lacks jurisdiction over the increased interest imposed under section 6621(c) because such interest relates to underpayments of tax attributable to partnership items which were previously resolved and are not now before the Court.[2] Respondent cites *White v. Commissioner, supra,* in support of his contention that the Court lacks jurisdiction over the section 6621(c) interest in these circumstances.

*White* involved a petition to redetermine a deficiency. The taxpayer made no allegations that there had been an overpayment and did not invoke our jurisdiction to determine overpayments. In those circumstances, we held that section 6621(c) interest does not come within the definition of the term "deficiency." A deficiency is generally defined as the amount of tax owed less the amount of tax shown on the return or previously assessed. Sec. 6211. However, section 6601(e)(1) specifically excludes interest from being treated as "tax" in deficiency proceedings. Section 6601(e)(1) states: "Any reference in this title (*except subchapter B of chapter 63, relating to deficiency procedures*) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." (Emphasis added.) Subchapter B of chapter 63 relates to deficiency proceedings in this Court. Thus, the relevant statutes literally preclude interest from being treated as tax for purposes of "deficiency" proceedings, and we do not have jurisdiction over section 6621(c) interest as part of our jurisdiction to redetermine a "deficiency." *White v. Commissioner, supra* at 213.

Petitioners do not argue that *White* was wrongly decided. Rather, they claim that *White* is not controlling in this case because they have made an "overpayment" of section 6621(c) interest. They argue that this Court therefore has overpayment jurisdiction pursuant to section 6512. Section 6512(b)(1) provides that—

if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * or finds that there is a deficiency but that the

---

[2]Respondent does not contend that the sec. 6621(c) issue was resolved in the partnership proceeding. It is clear that sec. 6621(c) interest is an affected item that could not be determined at the partnership level. *White v. Commissioner, supra* at 212.

taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment * * *.

The provisions of section 6512(b) only give us jurisdiction to determine an overpayment where respondent has determined a deficiency. Thus, we must first have jurisdiction to find that "there is no deficiency" or that "there is a deficiency." While we recognize that the notice of deficiency in this case only contained respondent's determinations that petitioners were liable for additions to tax, we have previously held that where a notice of deficiency determines only additions to tax, the notice is sufficient to confer jurisdiction upon this Court. *Judge v. Commissioner, supra* at 1183 n.7; *Estate of DiRezza v. Commissioner,* 78 T.C. 19, 25-27 (1982). If we have such jurisdiction, then we also have jurisdiction to find "that the taxpayer has made an overpayment of income *tax* for the same taxable year." Sec. 6512(b). (Emphasis added.)

As previously indicated, section 6601(e) states that interest shall be treated as tax and that any reference in title 26 to the term "tax" "shall be deemed also to refer to interest." The lone exception to this statutory rule relates to subchapter B of chapter 63 containing both the definition of "deficiency" and this Court's jurisdictional authority to redetermine a "deficiency." Section 6512, which gives this Court jurisdiction to determine overpayments, is not within subchapter B of chapter 63, and the literal terms of section 6601(e)(1) provide that interest is to be treated as tax for all other purposes in title 26, including section 6512(b). Therefore, the holding of *White,* which was based on a reading of the applicable statutes governing our deficiency jurisdiction, does not control our jurisdiction to determine an overpayment, and thus, does not control the outcome in the case before us.[3]

In *Estate of Baumgardner v. Commissioner,* 85 T.C. 445 (1985), we held that the Tax Court has jurisdiction to determine an overpayment of interest as part of its jurisdiction to determine an overpayment of the tax on which the interest was paid. While observing that the literal terms of

---

[3]We have previously recognized the possibility that there are items within our overpayment jurisdiction that are not within our deficiency jurisdiction. See *Judge v. Commissioner,* 88 T.C. 1175 (1987); *Estate of Young v. Commissioner,* 81 T.C. 879, 888 (1983).

section 6601(e) support a finding that section 6601(e)(1) requires interest to be treated as a tax for purposes of determining an overpayment, our holding in *Estate of Baumgardner* was not ultimately premised on that basis. *Judge v. Commissioner, supra* at 1184; *Estate of Baumgardner v. Commissioner, supra* at 450. Rather, our holding rested on the premise that if Congress granted taxpayers the right of claiming an overpayment with respect to a year over which the Tax Court had properly acquired jurisdiction to redetermine a deficiency, Congress must have intended that the Court be able to determine all of the elements of the overpayment, including interest. *Estate of Baumgardner v. Commissioner, supra* at 453.

> In reaching the conclusion in *Estate of Baumgardner* that our jurisdiction under section 6512(b) extended to the interest payments there in issue, we looked to the statutory framework of which section 6512(b) is a part, and to the Treasury Department's interpretation of the term "overpayment." Such considerations are equally appropriate here.
>
> We noted that in interpreting section 6512(b) some consideration should be given to section 6512(a). Section 6512(a) provides that when a taxpayer petitions the Tax Court neither the U.S. District Court nor the Claims Court has jurisdiction over a refund suit brought by the taxpayer until the Tax Court's decision has become final. In *Estate of Baumgardner* we stated that this provision demonstrates a "clear statutory intent" that the Tax Court be able to determine an overpayment to the exclusion of the District Courts and Claims Court. We found that "This intent would be frustrated by a reading of sec. 6512(b) that limits the Tax Court's jurisdiction to determining an 'overpayment' which varied from 'overpayments' that the excluded forums could have found." 85 T.C. at 451.
>
> [*Judge v. Commissioner, supra* at 1185.]

Respondent points out that in *Estate of Baumgardner v. Commissioner, supra,* we also had jurisdiction to redetermine the tax on which the interest was based, whereas in the instant case we have no jurisdiction over the underlying tax which was determined in a separate partnership proceeding. Considering the rationale which formed the basis for our holding in *Estate of Baumgardner,* we do not believe that distinction to be relevant. The rationale upon which we relied in *Estate of Baumgardner* applies equally to the instant case. We cannot fathom any reason why Congress would have intended to preclude this Court from applying the language of sections 6601(e)(1) and 6512(b) to

resolve all issues regarding both deficiencies and overpayments with respect to the years that are properly before the Court.[4]

When Congress first granted the then Board of Tax Appeals the authority to determine overpayments, it stated: "The amendment made confers jurisdiction upon the Board of Tax Appeals to determine * * * that the taxpayer has made an overpayment of tax * * * so that the proceeding before the Board may result in a complete disposition of the tax case being considered." H. Rept. 704, 73d Cong., 2d Sess. 38 (1934); see also H. Dubroff, The U.S. Tax Court— An Historical Analysis, 416 (1979). In *Russell v. United States,* 592 F.2d 1069, 1072 (9th Cir. 1979), the Court of Appeals stated with regard to our overpayment jurisdiction: "There can be no question that when the taxpayer petitioned the Tax Court to redetermine the asserted deficiency, the Tax Court acquired jurisdiction to decide the entire gamut of possible issues that controlled the determination of the amount of tax liability for the year in question." Respondent's position, on the other hand, would necessitate a bifurcation of overpayment litigation, i.e., one proceeding for "tax" and another for section 6621(c) interest. We do not believe Congress intended such a result. See *Estate of Baumgardner v. Commissioner, supra* at 457.[5]

Respondent argues that since this Court does not have jurisdiction over section 6621(c) interest as a "deficiency," we cannot have jurisdiction over such interest as an "overpayment." Respondent's only authority for this proposition is *White v. Commissioner, supra.* However, as explained above, *White* held that section 6601(e) prohibits the treatment of interest as tax for purposes of our deficiency jurisdiction. No such restriction exists with respect to our

---

[4]This is particularly true in this case considering the determinations in the notice of deficiency over which there is no question as to our jurisdiction. Those issues involve additions to tax related to the same partnership level adjustments that form the predicate for the increased interest, and it appears likely that the same facts will control the issues regarding the additions to tax and sec. 6621(c). See *Judge v. Commissioner, supra* at 1186. Considering the overcrowded dockets in most Federal courts, we should not be insensitive to opportunities to avoid unnecessary litigation. *Estate of Baumgardner v. Commissioner,* 85 T.C. 445, 458 (1985).

[5]If we were to agree with respondent's position, there is a serious question as to whether there would be any opportunity for petitioners to obtain a judicial review of respondent's determination that petitioners are liable for sec. 6621(c) interest. See sec. 6512(a).

jurisdiction to determine an overpayment.[6] Likewise, our holding in *White* that we had no jurisdiction pursuant to section 6621(c)(4), because the section 6621(c) interest in *White* was not based on a deficiency over which the Court had jurisdiction, was predicated on a reading of the provisions of section 6621(c)(4).[7] *White v. Commissioner, supra* at 216. As previously discussed, the provisions governing our overpayment jurisdiction lead to a different result.

Accordingly, we hold that in the exercise of our jurisdiction to determine whether an overpayment exists and the amount of any such overpayment, we may determine petitioners' liability for increased interest under section 6621(c). An order vacating our prior order of dismissal as to section 6621(c) interest will be issued.

*An appropriate order will be issued.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, SWIFT, JACOBS, GERBER, WRIGHT, PARR, WELLS, WHALEN, COLVIN, HALPERN, and BEGHE, *JJ.*, agree with this opinion.

---

[6]The statutory language in sec. 6601(e) is essentially the same as that contained in sec. 6662(a) (previously sec. 6659(a)). Respondent's argument, if logically extended, would limit our jurisdiction to determine an overpayment with respect to additions to tax that are not subject to the deficiency procedures. With respect to an overpayment of such additions to tax, however, we have held that our jurisdiction is primarily dependent upon sec. 6659. *Judge v. Commissioner, supra* at 1184; *Estate of Young v. Commissioner, supra* at 881.

[7]Sec. 6621(c)(4) provides as follows:

(4) JURISDICTION OF TAX COURT.—*In the case of any proceeding in the Tax Court for a redetermination of a deficiency,* the Tax Court shall also have jurisdiction to determine the portion (if any) of *such deficiency* which is a substantial underpayment attributable to tax motivated transactions. [Emphasis added.]