981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard SALE; Lilita Sale, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 91-70503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Dec. 17, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Richard Sale and Lilita Sale ("Taxpayers") appeal the tax court's denial of their motion for Order of Refund. Taxpayers and the Internal Revenue Service ("IRS") agreed to a tax court trial upon stipulated facts. Pursuant to the stipulation, the tax court determined that Taxpayers overpaid their 1980 tax deficiency by $6,643.24 and overpaid their 1981 tax deficiency by $3,383.05. Taxpayers then moved for an Order of Refund. The IRS objected and argued that it was entitled to offset the overpayments against the interest owing on the deficiencies. The tax court ruled in favor of the Government and denied Taxpayers motion for refund. Taxpayers appeal. We have jurisdiction under 26 U.S.C. § 7482(a). We affirm.
 
 I.
 
 3
 The statement of account underlying the parties' stipulation is summarized as follows:
 
 
 4
 Tax Year 1980 Tax Year 1981
 ------------- -------------
Revised Liability: $35,776.17 $25,656.37
Total Payments: 42,419.41 29,039.42
 ------------- -------------
Balance Due or
 (Overpayment): ($6,643.24) ($3,383.05)
 ------------- -------------
 ------------- -------------
 
 
 5
 Based on this stipulated statement of account, the tax court determined:
 
 
 6
 ORDERED and DECIDED: That there is a deficiency in income tax for the taxable year 1980 in the amount of $29,459.17 and an overpayment for the taxable year 1980 in the amount of $6,643.24....
 
 
 7
 That there is a deficiency in income tax for the taxable year 1981 in the amount of $23,161.37, and an overpayment for the taxable year 1981 in the amount of $3,383.05....
 
 
 8
 Taxpayers argue that the decision entered by the tax court based upon the stipulated statement of account includes the interest owing on the deficiencies. They contend that although the IRS mistakenly forgot to include interest amounts in calculating Taxpayers' overpayments, the IRS failed to timely appeal the decision.[1] Taxpayers contend, therefore, that they are entitled to the overpayments as determined in the judgment.
 
 
 9
 Generally, "interest on unpaid taxes is 'part and parcel of the tax due' under the Internal Revenue Code." In re Mark Anthony Constr., Inc., 886 F.2d 1101, 1108 (9th Cir.1989) (quotation omitted). Under I.R.C. § 6601(e)(1), however, Congress explicitly stated, "[a]ny reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." Therefore, although Taxpayers are correct that interest is generally deemed part of the tax imposed, because of the quoted explicit statutory exception it is not part of the tax when deficiency procedures are involved. See Barton v. Commissioner, 97 T.C. 548, 551 (1991) (interest, under I.R.C. § 6601(e)(1), is specifically excluded from being treated as "tax" in deficiency proceedings).
 
 
 10
 Here, the tax court had jurisdiction to redetermine the correct amount of the deficiency under I.R.C. § 6214(a)[2] of subchapter B of chapter 63. Because this case involves a deficiency proceeding, interest is not deemed to be part of the tax deficiency calculation. I.R.C. § 6601(e)(1).
 
 
 11
 Taxpayers further allege that they had designated and directed their prior payments to be applied against accrued interest rather than against the tax. Taxpayers, however, subsequently agreed to a decision based upon stipulated facts which made reference only to deficiencies and overpayments and nothing as to interest. Taxpayers are thus bound to the tax court's judgment which was based upon the stipulated statement of account.[3]
 
 II.
 
 12
 Taxpayers also argue that the tax court's decision is final and failure to order a refund essentially vacates the decision unlawfully. This argument is misplaced.
 
 
 13
 Pursuant to I.R.C. § 6402(a), the IRS may apply Taxpayers' overpayments against interest owing. The scenario thus can be viewed in two steps: 1) the final judgment regarding Taxpayers' overpayments was carried out because the IRS acknowledged the overpayments; and 2) the IRS is now entitled to apply Taxpayers' overpayments to the interest owing on the deficiencies. The tax court did not err in denying Taxpayers' motion for Order of Refund.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Had the IRS included interest in the liability calculation, Taxpayers' payments would not have amounted to overpayments
 
 
 [2]
 Under I.R.C. § 6214(a), "the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency...."
 
 
 [3]
 The parties did not appeal the stipulated facts decision, and that judgment is now final