T.C. Memo. 1999-365

UNITED STATES TAX COURT

THOMAS E. HOGAN, III AND SHEILA M. HOGAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15929-97.                    Filed November 3, 1999.

Thomas E. Hogan, III and Sheila M. Hogan, pro se.

<u>Angela J. Kennedy</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioners' 1991 and 1992 Federal income taxes in the respective amounts of $1,613 and $2,974 and accuracy-related penalties under section 6662(a) in the amounts of $322.60 and $594.80, respectively.[1]  Respondent also determined an

---

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

addition to tax under section 6651(a)(1) for 1992 in the amount of $9.

The issues are: (1) Whether petitioners had sufficient bases in the stock and indebtedness of Electronic Business Systems (EBS), a subchapter S corporation, to claim loss carryovers from the corporation in the years in issue; (2) whether this Court has jurisdiction to review respondent's application of claimed overpayments for 1991 and 1992; and (3) whether petitioners are liable for the accuracy-related penalties and the addition to tax.

The facts may be summarized as follows. Petitioners resided in Fort Wayne, Indiana, at the time the petition was filed.

EBS Losses

Prior to the years at issue, Thomas E. Hogan III (petitioner) was employed by EBS. Petitioner owned 33.33 percent of the stock in EBS for which he had paid approximately $3,500. In June of 1990, EBS filed for chapter 11 bankruptcy. EBS ceased business activities during 1990.

For 1990, EBS reported a loss of which petitioner's aliquot share reported on a Schedule K-1 was $18,222. On their 1990 joint Federal income tax return petitioners claimed $3,989 of the $18,222 loss. EBS had incurred losses in years prior to 1990. While petitioners have claimed aliquot shares of those losses in

prior years, petitioner does not know the amounts of those losses that were claimed.

Petitioner testified that from 1983 to 1989 he lent EBS approximately $52,000, which he had borrowed from the Fort Wayne National Bank (the bank), and that EBS repaid approximately $36,000. Petitioner introduced into evidence 11 bank notes that he contends represent his loans from the bank, the proceeds of which he in turn lent to EBS. Of these notes, two $5,500 notes and a $3,000 note are clearly renewals of earlier executed loans. Another note indicates that the proceeds were used in part to pay off another loan.

On their 1991 and 1992 joint Federal income tax returns petitioners claimed carryover losses from EBS in the amounts of $10,781 and $24,400, respectively. Respondent disallowed those losses.

Overpayments

Petitioners filed their 1991 joint Federal income tax return on April 18, 1995. Petitioners claimed an overpayment of $2,148 that they requested be refunded to them. On April 18, 1995, respondent applied the claimed overpayment to an outstanding liability for a "responsible person" liability assessed against petitioner pursuant to section 6672 during 1989. In September of 1995, petitioners filed an amended Federal income tax return for

1991, requesting that the claimed overpayment be applied to their 1992 estimated tax liability.

Petitioners filed their 1992 joint Federal income tax return on April 17, 1996. Petitioners claimed an overpayment in the amount of $5,103.[2] Petitioners requested that the overpayment be applied to their 1993 estimated tax liability. On April 17, 1996, respondent applied $2,955, the portion of the claimed overpayment relating to petitioner's 1992 wage withholdings, to petitioner's outstanding section 6672 liability.

## Discussion

### EBS Losses

Generally, shareholders of a subchapter S corporation are entitled, inter alia, to deduct their pro rata share of the corporation's losses. See sec. 1366(a). The losses may be carried over to subsequent years under section 1366(d)(2). The amount of losses claimed by a shareholder cannot, however, exceed the amount of the adjusted bases in the shareholder's stock and in any indebtedness of the corporation to the shareholder. See sec. 1366(d)(1).

A taxpayer's adjusted bases in stock and debt are determined under section 1367. Relevant here, section 1367(a)(2)(B) provides that a taxpayer's basis in stock shall be reduced by

---

[2]    This amount, $5,103, consisted of $2,955 from petitioner's 1992 wage withholdings and the amount of overpayment claimed by petitioners for 1991 of $2,148.

losses described in section 1366(a), and, under section 1367(b)(2)(A), a taxpayer's basis in any indebtedness of the corporation is similarly reduced after the shareholder's basis in the stock is exhausted.

Petitioner here is faced with two problems. First, he must establish his bases in his stock and in the indebtedness of the corporation to him. Second, he must establish that his bases in these items had not been reduced to zero because of losses claimed in prior years.

Even if we view the record most charitably in petitioner's favor, petitioner cannot establish that he had any bases remaining in his stock or in the indebtedness of the corporation. Turning first to the debt, we start with the claim that the amount of the loans represented by the notes totaled approximately $52,000. But, it is clear that the $5,500 notes of August 15 and November 7, 1985, and the $3,000 note of January 8, 1987, were renewals of earlier notes. In addition, $1,450 of a $3,450 note of November 7, 1985, was used to repay an earlier loan from the bank. The maximum advanced to the corporation would have been $36,550 ($52,000 minus $15,450). We also know that before 1990, petitioner was repaid $36,000. Petitioner's basis in his loans to EBS, therefore, could not have been more than $550.

Petitioner's original basis in the stock of EBS was approximately $3,500.  On the other hand, petitioners claimed a loss in the amount of $3,989 on their 1990 return.  Without considering any losses claimed prior to 1990, petitioner's bases in the stock and debt could not have been more than $61 ($3,500 for the stock plus $550 for the debt minus $3,989).  We are confident that any loss claimed prior to 1990 would have exceeded that amount.  Accordingly, petitioners are not entitled to claim any loss carryovers from EBS for 1991 and 1992.

Overpayments

Petitioners dispute respondent's authority to set off the claimed overpayments in 1991 and 1992 against petitioner's outstanding section 6672 liability.  Section 6402(a) provides:

> SEC. 6402(a).  General Rule.--In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.[3]

Furthermore, section 6512(b)(4) provides that "The Tax Court shall have no jurisdiction under this subsection to restrain or

---

[3]     Sec. 6402(a) was amended by sec. 3711(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 779, to include a reference to subsec. (e).  That amendment applies to refunds payable after Dec. 31, 1999, and is not applicable to this case.

review any credit or reduction made by the Secretary under section 6402."[4]

Respondent contends that pursuant to section 6512(b)(4) this Court has no jurisdiction to review the action with regard to the application of the overpayments. There is no question that respondent offset the overpayments for 1991 and 1992 against the section 6672 liability pursuant to section 6402(a). Under the literal language of section 6512(b)(4), this Court is without jurisdiction "to * * * review any * * * reduction made by the Secretary under section 6402." We must agree, therefore, with respondent's contention.

We have held that section 6512(b)(4) does not prevent this Court from reviewing Commissioner's failure to offset underpayments by agreed overpayments, thus preventing the netting of interest in years that are before the Court. See Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291 (1998). But, that is a totally different situation from the facts here. In Winn-Dixie the overpayment had been refunded to the taxpayer rather than credited against another year. See Savage v. Commissioner, 112 T.C. 46, 50 (1999). Moreover, we noted in Winn-Dixie that section 6512(b)(4) restricts our jurisdiction in two situations.

---

[4]     Sec. 6512(b)(4) was added to the Code by sec. 1451(b) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 788, 1054.

"First, we may not restrain or prevent respondent from reducing a refund by way of credit or reduction pursuant to section 6402. Second, we may not review the validity or merits of any reduction of a refund under section 6402 after such a reduction has been made by respondent." Winn-Dixie Stores, Inc. v. Commissioner, supra at 294; see also Steinberg v. Commissioner, T.C. Memo. 1999-311 (no jurisdiction when the taxpayer claimed an overpayment made for a year not at issue, 1973, should be applied to the year at issue, 1980).

Addition to Tax and Penalties

Section 6651(a)(1) imposes an addition to tax for failure to timely file returns "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". To show reasonable cause petitioners must demonstrate that they exercised ordinary business care and prudence but were unable to file their returns in time. See United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is a conscious, intentional failure, or reckless indifference. See id. at 245.

It is undisputed that petitioners' 1992 return was not timely filed. Petitioners claim they did not file their return because they were involved in a dispute with respondent involving the section 6672 liability. Involvement in such disputes or litigation does not excuse petitioners from their obligation to timely file income tax returns. See, e.g., Osijo v.

Commissioner, T.C. Memo. 1998-38. Respondent's determination as to the addition to tax under section 6651(a)(1) for 1992 is sustained.

Respondent also determined that petitioners are liable for accuracy-related penalties under section 6662(a) for 1991 and 1992 for negligence. Section 6662(a) provides that "there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies." Section 6662 applies to "the portion of any underpayment which is attributable to", inter alia, negligence or disregard of the rules or regulations. Sec. 6662(b)(1). Negligence "includes any failure to make a reasonable attempt to comply with the provisions * * * [of the Internal Revenue Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c). Respondent determined the accuracy-related penalties under section 6662(a) for 1991 and 1992 based on petitioner's failure to review carefully the availability of the claimed losses from EBS.

Petitioners claim they employed a new accountant to compute their 1991 and 1992 Federal income taxes. In some circumstances reliance upon a qualified return preparer may alleviate a taxpayer's liability for penalties. See sec. 1.6664-4(b)(1), Income Tax Regs.; see also Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534

(9th Cir. 1991).  The taxpayer must advise the preparer of all facts that are relevant to the tax treatment of an item.  See Ellwest Stereo Theatres, Inc. v. Commissioner, T.C. Memo. 1995-610.  The advice must not be based upon unreasonable factual or legal assumptions.  See id.  It does not appear disputed that EBS suffered losses.  The limitations of the deductibility of losses from an S corporation depend on a taxpayer's bases in the stock and indebtedness.  A taxpayer's bases in an S corporation's stock and indebtedness is a fairly complicated subject.  Under these circumstances we do not believe that the imposition of the section 6662(a) penalties is warranted.

> Decision will be entered for respondent with respect to the deficiencies and addition to tax under section 6651(a)(1) and for petitioners with respect to the penalties under section 6662(a).