T.C. Memo. 2002-123


UNITED STATES TAX COURT


EDWARD KENNETH METCALF, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5043-00.                    Filed May 22, 2002.


Edward Kenneth Metcalf, pro se.

Stephen P. Baker, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a deficiency of $459 in petitioner's 1996 Federal income tax.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

After concessions,[1] the only issue for decision is whether petitioner has an overpayment of tax for 1996 related to a distribution from his individual retirement account (IRA).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Anchorage, Alaska.

In a letter dated November 3, 1995, Key Bank informed petitioner that, because he had reached the age of 70½, he was required to start taking withdrawals from his IRA. On November 20, 1995, petitioner responded with instructions for the bank to mail him a check for the minimum withdrawal amount.

In 1996, petitioner mistakenly signed a form to close out his IRA as of December 31, 1996. On December 31, 1996, Key Bank closed petitioner's IRA account and sent petitioner the entire balance.

Petitioner reported his entire 1996 IRA distribution on his timely 1996 income tax return (1996 return) and paid tax on it. Petitioner did not roll over this distribution into another IRA.

---

[1] Respondent concedes every issue raised in the statutory notice of deficiency, and petitioner concedes his claim for an overpayment related to interest on savings bonds.

Petitioner timely amended his 1996 return to claim a refund for the tax associated with the 1996 IRA distribution.  In the answer, respondent denied petitioner's claim for overpayment.

OPINION

In years where this Court has jurisdiction to redetermine a taxpayer's deficiency, we also have jurisdiction to decide whether the taxpayer has made an overpayment of income tax.  Sec. 6512(b)(1); Winn-Dixie Stores, Inc. & Subs. v. Commissioner, 110 T.C. 291, 295 (1998).  Respondent issued a notice of deficiency for 1996, and petitioner filed a timely petition with this Court contesting respondent's determinations.  Accordingly, we have jurisdiction to decide whether petitioner has an overpayment for 1996.

Petitioner contends he has 3 years to amend his return to roll over his IRA, to claim a refund of the taxes paid on his IRA distribution, and to report his "correct" minimum distribution. Section 6511(a), however, provides the period of limitations for filing a claim for credit or refund of an overpayment of any tax.

Generally, distributions from IRAs are includable in the distributee's income in the year of distribution as provided in section 72.  Sec. 408(d)(1); Schoof v. Commissioner, 110 T.C. 1, 7 (1998).  Section 408(d)(3) provides an exception to this rule for "rollover contributions".  To qualify as a rollover contribution, an IRA distribution must be rolled over within 60

days of receipt.[2]  Sec. 408(d)(3); <u>Smithsi v. Commissioner</u>, T.C. Memo. 1981-652; <u>Handy v. Commissioner</u>, T.C. Memo. 1981-411.

Petitioner argues that the Internal Revenue Service (IRS) District Director advised him to file an amended return so that petitioner could roll over his IRA.  On May 23, 1997, petitioner wrote a letter to the District Director of the IRS in Seattle, Washington, explaining that petitioner made a mistake closing out his IRA and requesting authorization to roll over the IRA withdrawal even though more than 60 days had passed since the distribution.  This letter contains a handwritten note at the bottom:  "Mr. Metcalf:  I'm returning this information after talking to you today.  You plan to file a 1040X for 1996. Thanks.  Mr. Johnson 915215."

This note did not advise petitioner to file an amended return; it merely acknowledged the fact that petitioner intended to file an amended return.  Even if the IRS had advised petitioner to file an amended return, the possibility that petitioner may have received incorrect advice does not alter the 60-day rule.  See <u>Smithsi v. Commissioner</u>, <u>supra</u>.

The present case involves the failure to satisfy a fundamental element of the statutory requirements for an IRA rollover contribution--namely, the failure to timely roll over

---

[2]  Any amount, however, that was required to be distributed to petitioner because he had reached age 70½ would be ineligible for rollover treatment.  Sec. 408(d)(3)(E).

the distribution within 60 days.  Neither the Code nor the regulations provide relief from taxation of the amount distributed to petitioner from an IRA but not timely rolled over. See <u>Wood v. Commissioner</u>, 93 T.C. 114, 119 (1989).  Although we are sympathetic to petitioner's plight, we hold that the IRA distribution to petitioner in 1996 is includable in his 1996 income.  Accordingly, petitioner's claim for overpayment is denied.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>finding no deficiency or</u>
<u>overpayment</u>.