T.C. Memo. 2017-182

UNITED STATES TAX COURT

ROBERT WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 822-16.                    Filed September 18, 2017.

<u>Held</u>:  Overpayment shown on P's 2013 Federal income tax return and credited by R as an offset against P's unpaid tax for another year unavailable to P to offset deficiency in his subsequently determined 2013 tax liability.

Robert Williams, pro se.

<u>Mimi M. Wong</u> and <u>Lyle B. Press</u>, for respondent.

[*2]                          MEMORANDUM OPINION

HALPERN, Judge:  By notice of deficiency dated October 13, 2015, respondent determined a deficiency in petitioner's 2013 Federal income tax of $1,403.  The parties agree to all of respondent's adjustments resulting in the deficiency.  The only issue remaining is respondent's treatment of a $711 overpayment in tax claimed by petitioner on his 2013 income tax return and credited by respondent as an offset against petitioner's unpaid tax for another year.  Having so treated the $711 overpayment, respondent argues that it is no longer available to petitioner to offset the 2013 deficiency.  Petitioner disagrees.  We agree with respondent.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for 2013.

                              Background

The parties have stipulated certain facts and the authenticity of certain documents.  The facts stipulated are so found, and documents stipulated are accepted as authentic.  We need find no facts in addition to those stipulated or that can be drawn from the stipulated documents.

Petitioner resided in New York when he filed the petition.

**[*3]** On April 15, 2014, petitioner filed Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for his taxable (calendar) year 2013. He showed on that return a tax liability of $503, Federal income tax withheld of $1,214, and an overpayment of $711. Respondent did not refund the $711 to petitioner, but on that same date, pursuant to section 6402(a), he credited $711 as an offset against petitioner's unpaid 2011 tax liability.

Subsequently, respondent examined petitioner's 2013 return and made the following adjustments. He increased gross income by $7,323, on account of petitioner's failure to report $3,493 and $3,830 of taxable wages and nonemployee compensation, respectively. He increased the claimed credit for withheld income tax by $155 on account of withholding attributable to the unreported taxable wages. The addition of this amount to the $1,214 that petitioner reported as withheld results in total withholding of $1,369. Respondent increased petitioner's liability for self-employment tax by $541 on account of the omitted self-employment income. As corrected, petitioner's 2013 Federal income tax liability is $1,906. Petitioner accepts all of respondent's adjustments and does not disagree with respondent's calculation of his correct 2013 tax liability. Nor does he disagree with respondent's calculation of a deficiency in tax of $1,403.

**[*4]**    The parties disagree over respondent's treatment of the $1,369 of income tax withheld.  Given his 2013 tax liability of $1,906, and subtracting from that amount the withheld tax of $1,369, petitioner calculates that he owes respondent only $537.  Respondent disagrees.  Although petitioner's arithmetic is correct, he owes respondent $1,248 because, before determining a $1,403 deficiency for 2013, respondent had credited the $711 claimed 2013 overpayment as an offset against petitioner's unpaid 2011 tax liability.  That amount, respondent continues, is no longer available to petitioner to pay any portion of the subsequently determined $1,403 deficiency.  But respondent does treat the $155 of withholding that first came to light on respondent's examination of petitioner's return as a payment satisfying in part the deficiency in tax of $1,403, so that, interest aside, petitioner need pay only $1,248 to eliminate the deficiency.

## Discussion

When a taxpayer files a taxable year return that shows payments of tax in excess of tax liability, instead of refunding the indicated overpayment to the taxpayer, the Commissioner may credit the amount of the overpayment against the taxpayer's tax liabilities for other taxable years.  Sec. 6402(a).  The Commissioner's crediting of a refund for one year against a tax liability for another year does not prevent the Commissioner from later determining a deficiency for

[*5] the year from which the refund arose. Savage v. Commissioner, 112 T.C. 46, 48-49 (1999); Luque v. Commissioner, T.C. Memo. 2016-128, at *4. If the taxpayer then files a timely petition with this Court, we "have jurisdiction to redetermine the correct amount of the deficiency". Sec. 6214(a). If we find "that there is no deficiency and * * * that the taxpayer has made an overpayment of income tax" for the year before us, we "have jurisdiction to determine the amount of such overpayment" and order that that amount "be credited or refunded to the taxpayer." Sec. 6512(b)(1). "In determining the existence and amount of any overpayment, we must take into account the extent to which the Commissioner previously credited any overpayment shown on the taxpayer's return for the year before us against the taxpayer's tax liability for another year." Luque v. Commissioner, at *5; see Belloff v. Commissioner, 996 F.2d 607, 612-613 (2d Cir. 1993), aff'g T.C. Memo. 1991-350. And while in exercising our jurisdiction under section 6512(b) for a taxable year before us, we must take into account any prior credits allowed by the Commissioner under section 6402(a) from that year to another year, our jurisdiction does not extend to weighing the merits of the assessed liability against which the credit was applied. See sec. 6512(b)(4); Luque v. Commissioner, at *5-*6. As we explained in Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291, 294 (1998): "Section 6512(b)(4) restricts our

[*6] jurisdiction in two situations. First, we may not restrain or prevent respondent from reducing a refund by way of credit or reduction pursuant to section 6402. Second, we may not review the validity or merits of any reduction of a refund under section 6402 after such reduction has been made by respondent." See also Luque v. Commissioner, at *6.

On his 2013 Form 1040EZ, petitioner claimed that he had overpaid his 2013 tax by $711. Respondent did not refund that amount but, pursuant to section 6402(a), credited it as an offset against petitioner's unpaid 2011 tax liability. On account of section 6512(b)(4), we lack jurisdiction to review respondent's action. Thus, of the $1,369 withheld from petitioner's 2013 income, only $658 ($1,369 – $711) was available at the time respondent examined petitioner's 2013 return and determined that petitioner's 2013 tax liability was $1,906. Subtracting $658 from $1,906 results in a difference of $1,248, which is precisely the amount (interest aside) that respondent seeks to collect from petitioner.

Petitioner's argument that he owes respondent only $537 (2013 tax liability of $1,906, minus withheld tax of $1,369) is based principally on the layout of, and directions on, the 2013 Form 1040EZ, which, after directing the taxpayer to calculate and enter his taxable income, directs him to find, from tax tables, his tax liability. The form then directs the taxpayer to compare his tax liability, $1,906,

**[*7]** with the sum of his payments and credits, $1,369, and, if the former exceeds the latter (it does), the difference, $537, is his tax liability. That calculation, he argues, proves that the unpaid amount of the $1,403 deficiency in tax is $537, not $1,248.

Petitioner's arithmetic is sound, but his premise (that the form is controlling) is not. A Federal income tax return is a report of the taxpayer's self-determined tax liability. It is subject to examination by the Commissioner, who may make adjustments to reflect, among other things, items omitted by the taxpayer or the offset of a refund claimed by the taxpayer against his unpaid tax for a different year. It is a backward-looking document, and Form 1040EZ is neither intended nor designed to reflect that a current year's refund may be offset against a prior year's tax liability.

We will sustain respondent's determination of a deficiency of $1,403 in petitioner's 2013 Federal income tax. We will also note in our decision document that respondent concedes a payment of $155, which would decrease the amount petitioner owes from $1,403 to $1,248.

An appropriate decision will be entered.