115 T.C. No. 22

UNITED STATES TAX COURT

TOM I. LINCIR AND DIANE C. LINCIR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[1]*

Docket No. 22934-89.                    Filed September 27, 2000.


Ps are liable for deficiencies in and additions to
their Federal income tax liabilities for the taxable
years 1978 through 1982, including interest at the
increased rate prescribed under sec. 6621(c), I.R.C.,
and the "interest sensitive" addition to tax under sec.
6653(a)(2), I.R.C., for 1981 and 1982.  The parties
agree that Ps are entitled to refunds for overpayments
for the taxable years 1984 and 1985 that would
partially offset the deficiencies for the earlier
years.  Ps contend that the Court's decision for the
taxable years 1978 through 1982 should state that "The
penalties due under section 6621(c) and section
6653(a)(2) are to be determined after the application
of the interest-netting rules of section 6621(d)."
     Held:  The Court lacks jurisdiction in this
deficiency proceeding to determine the impact, if any,
of the so-called interest-netting rule under sec.
6621(d), I.R.C., on the computation of the sec.

---

*This supplements Lincir v. Commissioner, T.C. Memo. 1999-98.

6621(c), I.R.C., interest.  Held, further, Because R has not computed the amount of statutory interest payable under sec. 6601, I.R.C., the question of the impact of sec. 6621(d), I.R.C., if any, on the computation of the addition to tax under sec. 6653(a)(2), I.R.C., is not ripe for consideration.

Michael D. Savage, for petitioners.

Gary D. Kallevang, for respondent.

SUPPLEMENTAL OPINION

DAWSON, Judge:  This matter is before the Court for resolution of the parties' dispute over the terms of the decision to be entered in this case pursuant to Rule 155.[1]  Although the parties generally agree as to the decision to be entered in this case, petitioners contend that it should include the following statement:

> The penalties due under section 6621(c) and section 6653(a)(2) are to be determined after the application of the interest-netting rules of section 6621(d).

Respondent opposes the inclusion of the preceding statement in the decision.  As explained in detail below, the decision will not include the disputed statement.

## Background

During the taxable years 1978 through 1982, Tom I. Lincir and Diane C. Lincir (petitioners) reported tax losses related to

---

[1]  Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

their participation in tax shelter programs known as the "Arbitrage Carry" gold trading program promoted by Futures Trading, Inc. (the FTI program) and the Treasury bill option and stock forward transactions promoted by Merit Securities, Inc. (the Merit Securities program).  In 1984 and 1985, petitioners reported taxable gains from offsetting straddle transactions carried out in connection with the Merit Securities program.

Respondent determined deficiencies in and additions to petitioners' Federal income tax liabilities for the taxable years 1978 through 1982 based upon the disallowance of losses that petitioners claimed with respect to the FTI and Merit Securities programs.  Respondent also determined that petitioners are liable for interest computed at the increased rate prescribed in section 6621(c) (section 6621(c) interest) for each of the years in issue.  Respondent also determined that petitioners are liable for additions to tax under section 6653(a)(2) for 1981 and 1982.

Petitioners filed a timely petition contesting respondent's determinations.  They subsequently agreed that adjustments related to their participation in the Merit Securities program would be redetermined in the same manner as certain test cases. In the test cases, reported as Leema Enterprises, Inc. v. Commissioner, T.C. Memo. 1999-18, the Court disallowed all losses related to the Merit Securities program on the alternative grounds that the program lacked economic substance and Merit Securities program participants failed to meet the statutory

requirements for deducting the losses in dispute because their primary objective was to obtain tax benefits.  Petitioners entered into a second stipulation in which they agreed that all transactions related to the FTI program would be ignored for Federal income tax purposes.

Although petitioners made one partial payment of approximately $270,000 in 1990 against their liability for the taxable years 1978 through 1982, the parties agree that petitioners have underpayments for those taxable years on which interest continues to accrue.  The parties also agree that petitioners are entitled to refunds for outstanding overpayments for the taxable years 1984 and 1985 attributable to the gains that petitioners reported in those years on transactions associated with the Merit Securities program.[2]

After the disposition of the substantive tax shelter adjustments described above, the Court conducted a trial to redetermine petitioners' liability for additions to tax and section 6621(c) interest.  In Lincir v. Commissioner, T.C. Memo. 1999-98, the Court sustained respondent's determinations that petitioners are liable for various additions to tax (including section 6653(a)(2) for 1981 and 1982) and section 6621(c) interest for the years in issue.  We subsequently ordered the

---

[2]  On or about Apr. 7, 1987, to avoid a whipsaw in the event the Court were to sustain respondent's disallowance of losses claimed in the taxable years before the Court, petitioners filed protective claims for refunds of the taxes paid in 1984 and 1985 on the gains reported in those years.

parties to submit an agreed decision or separate computations for entry of decision pursuant to Rule 155.

Although the parties generally agree with respect to the terms of the Court's decision, petitioners contend that the decision should state that the computations of the addition to tax under section 6653(a)(2) and section 6621(c) interest are subject to (and will be reduced by) the new interest-netting rule contained in section 6621(d). Respondent counters: (1) The question of the applicability of section 6621(d) in respect of the computation of section 6621(c) interest is not ripe for consideration in this deficiency proceeding; and (2) section 6621(d) does not affect the computation of the addition to tax under section 6653(a)(2).

## Discussion

Section 6621(d), enacted as part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3301, 112 Stat. 685, 741 provides:

> To the extent that, for any period, interest is payable under subchapter A and allowable under subchapter B on equivalent underpayments and overpayments by the same taxpayer of tax imposed by this title, the net rate of interest under this section on such amounts shall be zero for such period.

In sum, section 6621(d) provides that for any period during which a taxpayer is simultaneously liable for an underpayment of tax and entitled to a refund for an overpayment of tax in an equivalent amount, the net rate of interest on such amount shall be zero.

Section 6621(c) Interest

Respondent argues that the question whether the interest-netting rule affects the computation of section 6621(c) interest is not ripe for consideration in this deficiency proceeding. Citing the principle that the Court generally lacks jurisdiction in a deficiency proceeding to redetermine interest, respondent argues that the parties have not computed the amount of statutory interest due from petitioners, and thus the parties are unable to compute the amount of increased interest due under section 6621(c). Respondent contends that the legal question of the effect of section 6621(d) is a matter that may only be raised within the context of a supplemental proceeding brought pursuant to section 7481(c).[3]

---

[3] Sec. 7481(c), enacted in the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6246(a), 102 Stat. 3342, 3751, confers jurisdiction on the Court to resolve disputes over respondent's postdecision computation of statutory interest. See note to Rule 261, 93 T.C. 1040-1041 (1989). Sec. 7481(c) provides in pertinent part:

SEC. 7481(c) Jurisdiction Over Interest Determinations.--Notwithstanding subsection (a), if–

(1) an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,

(2) the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and

(continued...)

Petitioners assert that, because the Court has jurisdiction to redetermine their liability for section 6621(c) interest, the Court also has jurisdiction to determine how such increased interest is computed. Petitioners further assert that a plain reading of the applicable provisions leads to the conclusion that the amounts that they owe pursuant to section 6621(c), an item that is tied directly to the rate of interest under section 6621, will be substantially reduced when computed pursuant to the interest-netting rule.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). It is well settled that this Court's jurisdiction to redetermine a deficiency in tax generally does not extend to statutory interest imposed under section 6601. See Bax v.

---

[3](...continued)
      (3) within 1 year after the date the decision of
   the Tax Court becomes final under subsection
   (a), the taxpayer files a petition in the Tax
   Court for a redetermination that the amount
   of interest claimed by the Secretary exceeds
   the amount of interest imposed by this title,

then the Tax Court may reopen the case solely to
determine whether the taxpayer has made an overpayment
of such interest and the amount of any such
overpayment. * * *

Commissioner, 13 F.3d 54, 56-57 (2d Cir. 1993), affg. an Order of this Court; LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see also Asciutto v. Commissioner, T.C. Memo. 1992-564, affd. 26 F.3d 108 (9th Cir. 1994). In particular, section 6601(e)(1) provides that interest prescribed by section 6601 is treated as tax "except [for purposes of] subchapter B of chapter 63, relating to deficiency procedures". Because the effect of such language is to exclude interest from the definition of a "tax" for purposes of section 6211(a), it follows that such interest does not constitute a deficiency within the meaning of that provision. See Pen Coal Corp. v. Commissioner, 107 T.C. 249, 255 (1996); White v. Commissioner, 95 T.C. 209, 213 (1990). For this reason, the Court's decision documents normally will not include a reference to a taxpayer's liability for statutory interest. See Thomas v. Commissioner, T.C. Memo. 1994-291.

Consistent with section 6601(e), the Court does have jurisdiction to redetermine statutory interest where a taxpayer has properly invoked the Court's overpayment jurisdiction pursuant to section 6512. See Barton v. Commissioner, 97 T.C. 548, 554-555 (1991). In Winn-Dixie Stores, Inc. & Subs. v. Commissioner, 110 T.C. 291 (1998), we held that the Court had jurisdiction under section 6512 to review the taxpayers' claim that they had overpaid statutory interest for the years in issue

where the Commissioner had rejected the taxpayers' request pursuant to section 6402(a) to offset the tax deficiencies (and interest) for the years before the Court against the taxpayers' overpayments for earlier years.  Unlike the taxpayers in <u>Winn-Dixie Stores, Inc. & Subs. v. Commissioner</u>, <u>supra</u>, petitioners have not paid in full the agreed deficiencies with interest. Accordingly, petitioners cannot invoke the Court's overpayment jurisdiction.

Despite the Court's general lack of jurisdiction to redetermine a taxpayer's liability for statutory interest in a deficiency proceeding, the Court does have jurisdiction under section 6621(c) to determine whether a taxpayer is liable for increased interest.  Section 6621(c), originally codified as section 6621(d) and applicable with respect to interest accruing after December 31, 1984, provides that interest payable under section 6601 will be computed at a rate equal to 120 percent of the normal rate provided under section 6601 on any substantial underpayment of tax attributable to a tax-motivated transaction.[4] Section 6621(c)(4) provided in pertinent part:

> (4) Jurisdiction of Tax Court.--In the case of any proceeding in the Tax Court for a redetermination of a deficiency, the Tax Court shall also have jurisdiction to determine the portion (if any) of such deficiency

---

[4]  Former sec. 6621(d) was added to the Internal Revenue Code by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 144(a), 98 Stat. 494, 682.  Sec. 6621(d) was redesignated sec. 6621(c) by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1511(c)(1)(A)-(C), 100 Stat. 2085, 2744.  Sec. 6621(c) was repealed by sec. 7721(b) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2399 effective with respect to returns the due date for which is after Dec. 31, 1989.

which is a substantial underpayment attributable to tax motivated transactions.

In sum, section 6621(c)(4) establishes a limited exception to the general rule that this Court lacks jurisdiction over statutory interest by providing that, in a proceeding for redetermination of a deficiency, this Court has jurisdiction to determine the portion (if any) of such a deficiency that is a substantial underpayment attributable to a tax-motivated transaction.

Based upon the plain language of section 6621(c)(4), we conclude that Congress limited the Court's jurisdiction in a deficiency proceeding to determining the portion of a deficiency that will be subject to increased interest under section 6621(c). In this connection, we conclude that Congress did not intend for the Court to compute or otherwise instruct respondent how to compute section 6621(c) interest in the context of a deficiency proceeding.[5]

## Section 6653(a)(2)

Contrary to respondent's argument with respect to section 6621(c), respondent asserts that the Court can reach the question regarding the effect of section 6621(d) on the computation of the addition to tax under section 6653(a)(2). Respondent maintains,

---

[5] Although respondent contends that petitioners will be able to raise the question of the impact of sec. 6621(d) on the computation of increased interest under sec. 6621(c) pursuant to a supplemental proceeding brought under sec. 7481(c), the scope of the Court's jurisdiction in a sec. 7481(c) proceeding is not properly before the Court at this time, and we express no opinion on the point.

however, that section 6621(d) does not affect the computation of the addition to tax. Petitioners contend that the proper application of section 6621(d) will have the effect of reducing the amount of the addition to tax under section 6653(a)(2) because there should not be any interest due with respect to the portion of petitioners' income tax liabilities for the years in issue that is offset by petitioners' income tax overpayments for 1984 and 1985.

Section 6653(a)(2) provides that, if a portion of an underpayment is attributable to negligence, the taxpayer shall be liable for an addition to tax "in an amount equal to 50 percent of the interest payable under section 6601". The specific amount of a taxpayer's liability for the addition to tax under section 6653(a)(2) is dependent upon a computation of statutory interest payable under section 6601.

To date, respondent has not assessed or otherwise computed the statutory interest payable under section 6601 in this case. In short, respondent cannot make such a computation until the Court has entered its decision. Because respondent has not computed the amount of statutory interest payable under section 6601, any question pertaining to the correct computation of the addition to tax under section 6653(a)(2) is premature and is not ripe for consideration. We note that until respondent computes and enters an assessment for the addition to tax under section 6653(a)(2), it is unclear whether the present computational

dispute will materialize into a concrete controversy.[6]

<u>Conclusion</u>

Consistent with the preceding discussion, the Court will not include the statement proffered by petitioners to be entered in the decision in this case. Instead, the Court will enter a decision consistent with the proposed decision submitted by respondent.

Accordingly, upon due consideration of the parties' contentions and for cause,

<u>An appropriate decision</u>

<u>will be entered</u>.

---

[6] We express no view regarding the appropriate forum or proceeding in which any such controversy might be resolved.