T.C. Memo. 2020-31

UNITED STATES TAX COURT

MARK Y. LIU AND GINGER Y. BIAN, DECEASED, MARK Y. LIU,
SURVIVING SPOUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8667-16.                         Filed March 5, 2020.

Mark Y. Liu, pro se.

<u>Christopher S. Kippes</u> and <u>John A. Schumann</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  In two notices of deficiency dated January 6, 2016,

respondent determined Federal income tax deficiencies of $29,156 and $26,751

and section 6663 penalties of $21,867 and $14,937 for 2012 and 2013 (years in

**[\*2]** issue), respectively. The issue before the Court is whether petitioners[1] are liable for the deficiencies.[2]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Some of the facts have been deemed stipulated under Rule 91(f) because petitioners' response to the motion made under that Rule was not fairly directed to the proposed stipulation. See Rule 91(f)(3). The stipulated facts and attached exhibits are incorporated in our findings by this reference. Petitioner husband resided in Texas when he filed their petition.[3]

---

[1]Petitioner wife was deceased when the petition was filed with this Court. Her interest is represented by petitioner husband as surviving spouse.

[2]Respondent conceded the sec. 6663 penalties for the years in issue.

[3]Pursuant to sec. 6213(a), a petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to the taxpayer. See also sec. 7502; Rule 34(a); sec. 301.7502-1(a), Proced. & Admin. Regs. On September 21, 2017, the Court rendered an Oral Findings of Fact and Opinion in which we addressed, among other things, the timeliness of petitioners' filing. We concluded that the record showed that the petition was "treated as having been timely filed" in response to the notices of deficiency. Liu

(continued...)

**[\*3]**   During the years in issue petitioners each owned a 50% interest in LB

Education Corp., an S corporation, that operated Cypress Montessori School.  On

Forms 1120S, U.S. Income Tax Return for an S Corporation, LB Education Corp.

reported ordinary income of $251,021 and $181,977[4] for 2012 and 2013,

respectively.

Petitioners timely filed joint Federal income tax returns for the years in

issue.  They attached to their 2012 Federal income tax return Forms 1099-DIV,

Dividends and Distributions, from Cypress Montessori School which reported that

they received qualified dividends of $251,021.  For 2013 petitioners attached to

---

[3](...continued)
v. Commissioner, T.C. Dkt. No. 8667-16 (Sept. 21, 2017) (bench opinion); see
Sylvan v. Commissioner, 65 T.C. 548, 551-554 (1975).  Respondent does not
dispute our jurisdiction.
    The petition in this case was due to be filed on or before April 5, 2016, but
it was not received and filed by the Court until April 13, 2016.  Given the lapse of
time between the due date and the filing date, respondent apparently proceeded as
though a petition had not been filed in response to either notice of deficiency, and
assessments were made on the basis of the determinations in each notice.  See
sec. 6213(c).  Those assessments resulted in the collection actions petitioners
complain about in this proceeding, filed pursuant to sec. 6213(a), not sec. 6330(d),
for redeterminations of deficiencies.  Ultimately, respondent reversed the
collection actions.

    [4]Exhibits in the record show this amount as $181,978.  This discrepancy is
unimportant to our analysis.  Respondent received third-party information returns
for the years in issue from LB Education Corp.  Cypress Montessori School and
LB Education Corp. had the same employer identification number.

[*4] their joint Federal income tax return Schedules K-1, Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items, from LB Education Corp. and Forms 1099-DIV from Cypress Montessori School, both of which reported that they received $181,978 as qualified dividends. Petitioners reported these amounts on Forms 8949, Sales and Other Dispositions of Capital Assets.

Respondent examined petitioners' Federal income tax returns for the years in issue. Respondent's wage and income transcripts show that petitioners received ordinary income rather than qualified dividends from LB Education Corp. In the notices of deficiency respondent determined that petitioners overstated qualified dividend income by $251,021 and $181,978 for 2012 and 2013, respectively. On Schedules E, Supplemental Income and Loss, respondent increased ordinary income received from an S corporation by $251,021 and $181,978 for 2012 and 2013, respectively.

On June 23, 2018, petitioners paid respondent $55,907. Respondent applied the payment against petitioners' outstanding deficiencies on June 29, 2018. Respondent's account transcripts, dated December 3, 2019, do not reflect any assessments of unpaid tax or any assessed or accrued interest amounts.

On September 26, 2016, respondent filed a notice of Federal tax lien (NFTL) with the Harris County clerk in Houston, Texas, for unpaid assessments of

[*5] petitioners' 2012 and 2013 income tax.  On December 7, 2018, respondent filed a certificate of release of Federal tax lien.  On July 12, 2019, respondent filed a subsequent certificate of release of Federal tax lien pursuant to section 6326 in order to clarify that the NFTL had been filed erroneously.

## OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491(a) in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner.  Petitioners have neither shown nor claimed that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.  Accordingly, the burden of proof remains with petitioners.

Generally, an S corporation is not subject to Federal income tax at the entity level.  Sec. 1363(a); see also Taproot Admin. Servs., Inc. v. Commissioner, 133 T.C. 202, 204 (2009), aff'd, 679 F.3d 1109 (9th Cir. 2012).  S corporation items of income, gain, loss, deduction, and credit flow through to the S corporation shareholders who report their pro rata shares of such items on their respective returns.  See sec. 1366(a).  The character of an S corporation item allocated to a

[*6] shareholder is determined as if the item were realized directly by the shareholder. Sec. 1366(b).

Respondent received Schedules K-1 from LB Education Corp., which reported that petitioners' distributive shares of the operating income were ordinary income for the years in issue. However, on their Federal income tax returns petitioners reported their distributive shares as qualified dividend income from LB Education Corp. Qualified dividend income includes dividends received from a domestic corporation and is taxed as net capital gain. Sec. 1(h)(11)(B)(i)(I).

Petitioners received their pro rata shares of income from LB Education Corp., an S corporation. On Forms 1120S LB Education Corp. reported ordinary income of $251,021 and $181,977 for 2012 and 2013, respectively. We find that petitioners received ordinary income of $251,021 and $181,978 for 2012 and 2013, respectively. On June 23, 2018, petitioners paid the total deficiency amounts respondent determined, and that payment has been applied to petitioners' account.

Petitioners contend that they should not have to pay interest on the deficiency amounts because the Internal Revenue Service erroneously filed an NFTL. The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v.

**[*7]** <u>Commissioner</u>, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review of the notice of determination. Secs. 6320(c), 6330(d)(1); <u>see also</u> <u>Orum v. Commissioner</u>, 123 T.C. 1, 8 (2004), <u>aff'd</u>, 412 F.3d 819 (7th Cir. 2005); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001). In the absence of a notice of determination and a timely filed petition, this Court lacks jurisdiction over issues arising under sections 6320 and 6330. <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000). Furthermore, respondent filed a certificate of release of Federal tax lien.

In deficiency proceedings, such as this case, our jurisdiction does not extend to interest imposed by section 6601. <u>Lincir v. Commissioner</u>, 115 T.C. 293, 298 (2000), <u>aff'd</u>, 32 F. App'x 278 (9th Cir. 2002). However, in limited circumstances this Court does have jurisdiction to redetermine interest.

Pursuant to section 7481(c)(1) and (2) we have jurisdiction to redetermine an overpayment of interest when certain requirements are met, including an assessment made by the Commissioner under section 6215 which includes interest. Interest has not yet been assessed in this case. Therefore, we do not have jurisdiction pursuant to section 7481(c).

**[*8]**   We have considered all other arguments made and facts presented in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent with respect to the deficiencies and for petitioners with respect to the section 6663 penalties</u>.