# United States Tax Court

T.C. Memo. 2022-74

GREGORY BERNARD COLBERT, II AND SIMONE P. COLBERT,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8395-16.                                    Filed July 13, 2022.

————

Gregory Bernard Colbert II and Simone P. Colbert, pro sese.

*Lawrence D. Sledz* and *Rubinder K. Bal*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, *Judge*: Respondent determined federal income tax deficiencies of $13,886 and $10,079 and section 6662[1] accuracy-related penalties of $2,656 and $2,016 for taxable years 2013 and 2014 (years in issue), respectively. After concessions,[2] the sole issue remaining to be

—————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2] Petitioners concede that they received (1) a 2012 state income tax refund of $1,510 in taxable year 2013, (2) a 2013 state income tax refund of $2,397 in taxable year 2014, and (3) $897 in unreported nonemployee compensation attributable to petitioner wife in taxable year 2013. Respondent agrees to abate the portion of the assessment made on December 28, 2015, which is attributable to the adjustment made for the unreported state income tax refund petitioners received in 2013.

[*2] decided is whether petitioners are liable for accuracy-related penalties pursuant to section 6662 for the years in issue.[3]

## FINDINGS OF FACT

The parties have filed a stipulation of facts and two stipulations of settled issues, all of which are hereby incorporated by reference into our findings. Petitioners resided in Georgia when they timely filed a Petition for redetermination with this Court.

Petitioners Gregory Colbert (petitioner husband) and Simone Colbert (petitioner wife), who were married at all relevant times but have since divorced, filed joint federal income tax returns for the years in issue. On January 6, 2016, respondent issued to petitioners a notice of deficiency with respect to the years in issue. The deficiencies were attributable to (1) unreported income, (2) deductions claimed on Schedules A, Itemized Deductions, (3) deductions claimed on Schedules C, Profit or Loss From Business, and (4) unreported state tax refunds.[4] Respondent also determined accuracy-related penalties for the years in issue pursuant to section 6662.

In their Petition, petitioners admit that deficiencies exist and otherwise assign no clear error to respondent's determinations; their only contention is that they should be entitled to waive "accrued interest and fees" because they were unaware that an individual who assisted them in preparing their taxes "[was] submitting and declaring certain 'write-offs.'" We note here that there was no tax return preparer signature on either the 2013 or the 2014 income tax return.

On December 14, 2016, petitioner wife filed Form 8857, Request for Innocent Spouse Relief, for the years in issue. Before trial, respondent granted petitioner wife proportionate innocent spouse relief pursuant to section 6015(c). Petitioner husband did not exercise his right to dispute this determination.

---

[3] Petitioners did not challenge, in their Petition or at trial, other determinations respondent made and are therefore deemed to have conceded these determinations. *See* Rule 34(b)(4) (concession by failing to assign error); *Leahy v. Commissioner*, 87 T.C. 56, 73–74 (1986) (concession by failing to argue).

[4] Other adjustments made in the notice of deficiency are computational and need not be addressed.

**[\*3]**                                       OPINION

Petitioners' sole contention is that they should be entitled to waive "accrued interest and fees" because they were unaware that an individual who helped them prepare their tax returns submitted and declared certain deductions on their tax returns. We understand this contention as a challenge to the accuracy-related penalties under section 6662 and statutory interest imposed under section 6601 with respect to their outstanding deficiencies. Respondent agrees with this interpretation but denies that interest is at issue. Respondent contends that petitioners are liable for section 6662 accuracy-related penalties because they substantially understated income tax on their 2013 and 2014 tax returns.

Section 6662(a) and (b)(2) imposes an accuracy-related penalty of 20% upon the portion of any underpayment of tax that is attributable to a substantial understatement of income tax. An understatement of federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. I.R.C. § 6662(d)(1)(A).

Respondent bears the initial burden of production with respect to petitioners' liability for section 6662(a) penalties. *See* I.R.C. § 7491(c). This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Once respondent meets his burden of production, petitioners must come forward with evidence sufficient to show the Court that the determination is incorrect. *Id.* at 446–47. Respondent has satisfied his initial burden of production by showing that the amounts of petitioners' understatements for the years in issue were "substantial," in that the deficiencies of $13,886 and $10,079 for taxable years 2013 and 2014, respectively, each exceed $5,000. *See* I.R.C. § 6662(d)(1)(A).

Respondent must also show compliance with the procedural requirements of section 6751(b)(1). *See* I.R.C. § 7491(c); *Chai v. Commissioner*, 851 F.3d 190, 221 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo. 2015-42; *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of the assessment was "personally approved (in writing) by the immediate supervisor of the individual making such determination." Written supervisory approval of the initial penalty

**[\*4]** determination must be obtained no later than the date the Commissioner issues the notice of deficiency (or files an answer or amended answer) asserting such a penalty. *See Chai v. Commissioner*, 851 F.3d at 221; *see also Graev*, 149 T.C. at 495; *Endeavor Partners Fund, LLC v. Commissioner*, T.C. Memo. 2018-96, at \*63 ("When a penalty is asserted in a notice of deficiency . . . the Commissioner must secure supervisory approval for the penalty before issuing that notice to the taxpayer."), *aff'd*, 943 F.3d 464 (D.C. Cir. 2019).

The record in this case includes copies of Civil Penalty Approval Forms, signed by the immediate supervisor of the examiner who examined petitioners' returns, approving imposition of section 6662(a) penalties against petitioners for 2013 and 2014. However, the date provided on each Civil Penalty Approval Form is illegible, and we are unable to discern whether the initial determination of the assessment was made before the mailing of the notice of deficiency upon which this case is based. Thus, we cannot reliably conclude on the basis of the penalty approval forms that respondent satisfied the requirements of section 6751(b)(1) before issuing the notice of deficiency determining the penalties at issue. Consequently, we find that respondent has not satisfied his burden of production to show compliance with section 6751(b)(1), and we therefore hold that petitioners are not liable for accuracy-related penalties for underpayments due to substantial understatements of income tax for 2013 and 2014.

Finally, we agree with respondent that interest is not at issue in this case, and we otherwise conclude that we lack jurisdiction to consider the issue. The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *See* I.R.C. § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). In deficiency proceedings such as this case, our jurisdiction does not extend to interest imposed by section 6601. *Lincir v. Commissioner*, 115 T.C. 293, 298 (2000), *aff'd*, 32 F. App'x 278 (9th Cir. 2002). In limited circumstances that are not present here, this Court does have jurisdiction to redetermine interest. Pursuant to section 7481(c)(1) and (2) we have jurisdiction to redetermine an overpayment of interest when certain requirements are met, including an assessment made by the Commissioner under section 6215 which includes interest. Interest has not yet been assessed in this case. Consequently, we do not have jurisdiction to redetermine interest pursuant to section 7481(c).

**[\*5]**   We have considered all other arguments made and facts presented in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*